# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

June 17, 2019

**VIA ECF**

Hon. Katherine H. Parker  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312

   Re: *Sapon v. Uncle Paul's Pizza & Café, Inc. (D/B/A Uncle Paul's Pizza), et al.*  
      Index No.: 18-cv-4026(VSB)(KHP)

Dear Judge Parker:

  Pursuant to the Court's June 4, 2019 Order, the parties in the above referenced matter should have jointly submitted a status letter. I was completing the Plaintiff's portion, and just now saw that Defense counsel filed the letter without our portion.

  Plaintiff's counsel takes this opportunity to clear some misrepresentations made by Defense counsel.

  First, with respect to Plaintiff's deposition, Plaintiff's counsel was never provided with a copy of the transcript so we can review with our client and make any corrections. I made a request for a copy, received a copy via email this afternoon (at 1:41 p.m.) Regardless, we will address Defense counsel's assertions without having the benefit to review the electronic copy and provide citations to the deposition (that was just provided this afternoon).

  Defense counsel states that Plaintiff testified that he did not meet with an attorney, but in fact met with "an assistant". I was not the original attorney handling this case (since I joined the firm the beginning of April 2019). Prior to my handling this case, there was another female attorney named Sara Isaacson who was assigned to work on this matter. My client could have misunderstood the questioning and believed since he did not remember speaking with Mr. Faillace then, he could have been referring to an "assistant" who could be an attorney (just not Mr. Faillace). The Plaintiff does recall that he has met with Ms. Isaacson as well as other women in the office (including myself).

  Second, Defense counsel states Plaintiff made "gross exaggerations regarding the alleged time frame and hours worked". Defense counsel relies on Plaintiff's testimony when he was reviewing time records from his employment at the deposition. The same time records that were shown to the Plaintiff at his deposition was also provided to Plaintiff's counsel on Thursday, June 6, 2019 (less than 2 business days before the deposition). When defense counsel and I were met in April 2019, and discussed exchange of records, other records (but no time records) were produced. With that said, Plaintiff reviewed these time records with counsel and he conceded that they closely matched his recollection of his hours worked. Defense counsel questioned the

Plaintiff regarding certain dates from the time records, and he seemed to only ask questions regarding dates where the hours were less than what was alleged in the complaint.  However, a few questions about specific, seemingly self-serving dates dismisses what a complete review of all the time records demonstrate.  Reviewing the time records in their totality demonstrate what Plaintiff testified to.  Plaintiff never stated he had any records to show his hours, nor is he required to keep them.  Defendants had the obligation to keep the time records and only chose to produce them after discovery and 2 days before the deposition.  To reiterate, Plaintiff concedes the schedules in the time records closely match his recollection and he testified to such.  We are not sure why if we are agreeing on this issue, should Defense counsel choose to characterize this as some nefarious deed on the part of the Plaintiff's counsel to file an action against the Defendant based on bad faith.  Plaintiff testified he came on his own volition to Plaintiff's counsel's office and provided the information that comprised the claims in the complaint.  Plaintiff has appeared at his deposition as well as a settlement conference, and has been prosecuting his claims of his volition.  Defense counsel's accusations against Plaintiff's counsel are very serious, and should not made lightly.

Third, Defense counsel makes further accusations regarding settlement discussions.  The Plaintiff is not a sophisticated person who is used to going to court and/or testifying in a deposition.  He arrived a little after 10:00 a.m. to defense counsel's office, and the deposition started at 10:13 a.m. and ended at 4:13 p.m.  Even though there were breaks given, the deposition went the whole day without a break for lunch.  The Plaintiff was understandably anxious to complete the deposition and he may have answered out of turn.  At one point in the deposition, Defense counsel asked Plaintiff if he wanted to change the allegations in the complaint, and his answer was to say he couldn't.  I asked for a short break to speak with my client alone, and clarified he understood the complaint was filed with the court and he believed he needed to go through the court to change anything contained within.  Therefore, with respect to the questions about settlement amounts, he answered out of turn.  I knew he has attended a settlement conference but did not have exact numbers from said conference.  I will say that Plaintiff attended and participated at a settlement conference the end of last year, he was aware of the settlement amounts then and how the parties were too far apart in their numbers.  I understand that neither I nor current defense counsel were present at said settlement conference, but Plaintiff was present at that conference.  And one conversation I can divulge is that he informed me that the amount offered at the settlement conference from prior defense counsel was less than the amount offered in April of this year.  Without disclosing any more privileged conversations between Plaintiff and his counsel, we can say Plaintiff was informed of Defendant's offer and he is weighing his options.  Defense counsel can set an arbitrary deadline, but he cannot force Plaintiff to accept his client's offer.

We would like to move forward on this matter and will reach out to Defense counsel in a few days after we speak with our client again on the offer.  We believe Defense counsel is jumping to self-serving conclusions to bolster their case, and making very serious allegations that I personally do not take kindly to.

We thank the Court in advance for its time and attention in relation to this matter.

June 17, 2019
Page 3

                                      Respectfully Submitted,

                                      /s/ Yolanda Rivero
                                       Yolanda Rivero


CC via ECF:   Defendants' Counsel