# McLaughlin & Stern, LLP
## Founded 1898

**Brett R. Gallaway**
Partner
bgallaway@mclaughlinstern.com
(212) 448-1100

260 Madison Avenue
New York, New York 10016
(212) 448–1100
Fax (212) 448–0066
www.mclaughlinstern.com

Millbrook, New York
Great Neck, New York
West Palm Beach, Florida
Naples, Florida

June 19, 2019

**By ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:     *Sapon v. Uncle Paul's Pizza & Café, Inc. (D/B/A Uncle Paul's Pizza), et al.*
        Index No.: 18-cv-4026(VSB)(KHP)

Dear Judge Parker:

Defendants in the above referenced matter submit this response to Plaintiff's June 17, 2019 letter submission ("Plaintiff's Letter") and to clarify further inconsistencies regarding Plaintiff's position. Pursuant to the Court's June 4, 2019 Order and as explained in Defendants' June 17, 2019 letter submission (*see* Dkt. No. 68), Defendants attempted to timely obtain Plaintiff's position statement for a 'joint' letter on both June 11, 2019 and again at 9:23am on June 17, 2019. While Defendants requested that Plaintiff provide their position statement by 5:00pm on June 17, 2019, Plaintiffs failed to do so or even indicate that they could not meet that timeline. Hence why Defendants submitted their own position letter. *See Id.*

In Plaintiff's Letter (*see* Dkt. No. 69), submitted at 6:30pm, Plaintiff indicates that "Plaintiff's counsel was never provided with a copy of the [deposition] transcript…" Plaintiff's deposition was conducted on June 10, 2019. Defendants ordered a copy of Plaintiff's deposition transcript at that time, Plaintiff's counsel never ordered, paid for or even requested a copy of the transcript at the deposition or any time that week. Defendants' counsel first received the copy of the deposition transcript at 6:33pm on Friday, June 14, 2019. Plaintiffs' counsel only first requested a copy of the transcript at 1:25pm on Monday, June 17, 2019, after receiving a second request for their position statement at 9:23am. Defendants then sent Plaintiff's counsel a copy of the transcript, which they never ordered or paid for, within 15-minutes.

Plaintiff's counsel also attempts to rebut the clear and unequivocal testimony that Plaintiff admitted, no less than 8-times during his deposition, that he only met with an "assistant" prior to his deposition, never an actual attorney. *See* Dkt. No. 68. Plaintiff's counsel now claims, 1-week after the deposition, that Plaintiff "*could* have misunderstood the questioning and believed since he did not remember speaking with Mr. Faillace then, he *could* have been referring to an "assistant"

Case 1:18-cv-04026-VSB-KHP   Document 70   Filed 06/19/19   Page 2 of 2

McLaughlin & Stern, LLP

Hon. Katharine H. Parker
June 19, 2019
Page 2

who *could* be an attorney…" *Id* (emphasis added).[1] Plaintiff's counsel's purported hindsight explanation of Plaintiff's clear admission is both contradicted by the record and by Plaintiff's counsel's conduct at the deposition. As indicated in Defendants' June 17, 2019 letter, Plaintiff clearly differentiated between who he spoke with and who they were (*i.e.* attorneys and/or assistants). *See* Dkt. No. 68. Additionally, as Plaintiff's Letter indicates, the deposition lasted approximately 6-hours. *See* Dkt. No. 69. During this 6-hours, and during the multiple times that Plaintiff admitted he only spoke with an "assistant" before the Complaint was filed, Plaintiff's counsel made a total of <u>one</u> objection – which was to an inquiry about Plaintiff's cell phone number. Furthermore, despite numerous breaks in Plaintiff's deposition, neither Plaintiff nor Plaintiff's counsel ever requested to clarify the record as to Plaintiff's testimony related to the "assistant" filing his Complaint. Furthermore, Plaintiff's counsel refused to ask any follow-up questions after I finished my questioning. As such, Plaintiff's counsel's attempt to now explain away the clearly improper conduct in this litigation is both lagging and improper.

Finally, like with his clear admissions regarding the "assistant", Plaintiff also admitted numerous times that he was never made aware of any settlement discussions "within the last month." *See* Dkt. No. 68. Plaintiff's counsel never objected during this line of questioning or clarified Plaintiff's responses after my questioning was complete and only now attempts to again explain away clearly egregious and unethical conduct. Plaintiff's counsel attempts to misdirect the Court's attention by referring to a "settlement conference at the end of last year." Dkt. No. 69. This is clearly not what I asked Plaintiff about at his deposition nor is it what he testified to. *See* Dkt. No. 68. Alarmingly, nowhere in Plaintiff's Letter does Plaintiff's counsel even dispute that Plaintiff was never informed of the recent settlement demands and offers. Plaintiff's counsel thus concedes, as did Plaintiff at his deposition, that he was never informed of or participated in recent settlement discussions.

Sanctions are clearly appropriate under these circumstances and Defendants respectfully request the Court schedule a hearing to address these disturbing inconsistencies and admissions. We thank the Court in advance for its time and attention in relation to this matter.

Respectfully submitted,

Brett R. Gallaway, Esq.

CC via ECF:   Plaintiff's Counsel

---

[1]     Plaintiff was provided with a Spanish translator at his deposition – which is his native language. There is no question that he understood the questions asked of him.