USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
EDGAR SAPON SAPON, *on behalf of* :
*himself and others similarly situated* :
: 
Plaintiff, : 18-CV-4026 (VSB)
:
-v- : **ORDER**
:
UNCLE PAUL'S PIZZA & CAFE INC., :
*doing business as* UNCLE PAUL'S PIZZA., :
et al. :
:
Defendants. :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Docs. 75, 77.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the settlement of the parties is not fair and reasonable and therefore do not approve the settlement.

I. **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

Pursuant to my Order of August 12, 2019, (Doc. 76), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 77). I have independently reviewed the settlement agreement and supporting evidence provided to determine whether the terms of the agreement are fair, reasonable, and adequate. I find most of the terms of the settlement agreement to be fair and reasonable. However, I find that the settlement agreement contains an overbroad release of Plaintiff's claims against Defendants. Given the inclusion of such an overbroad release, I cannot

2

and do not find the settlement agreement, in its entirety, to be "fair and reasonable." As a result of this finding, I do not reach the issue in this Order of whether the requested attorney's fees are also reasonable.

### A. *Settlement Amount*

To begin, I consider the settlement amount. The settlement agreement provides for a gross settlement amount of $25,000. (Doc. 77-2, §5.) The parties' joint letter further provides that Plaintiff's counsel would receive one-third of the settlement amount, or $8,852.00, as attorney's fees and costs. (Doc. 77, at 3.) After deducting the proposed attorney's fees and costs, the settlement would grant $16,148.00 to Plaintiff. According to Plaintiff's damages calculations, Plaintiff alleges $135,713.00 in total damages as a best-case scenario. (*See id.* at 2.) As such, Plaintiff's net recovery represents approximately 11.89% of the full relief to which Plaintiff alleges he was potentially entitled.

The parties assert that this settlement amount is justified because various legal and factual disputes create substantial litigation risks. (*See id.*) For example, the parties adamantly debated the number of hours Plaintiff worked for Defendants, and discovery led to conflicting accounts of the extent of Plaintiff's uncompensated hours. (*See, e.g.*, Doc. 69.) In light of these disputes, as well as the case's early settlement and the costs associated with continued litigation, I find that the reduced amount of recovery for Plaintiff is justified. The proposed settlement amount also appears to be the product of adversarial, arm's-length bargaining between experienced counsel, including a settlement conference before Magistrate Judge Parker, and there is no basis for me to believe that there was any fraud or collusion involved in agreeing upon the settlement amount.

Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to represent a fair

and reasonable resolution of Plaintiff's claims. *See Burgos v. San Miguel Transp., Inc.*, No. 16 Civ. 5929 (PAE), 2016 WL 7015760, at *2 (S.D.N.Y. Dec. 1, 2016) (noting that although the $7,500 settlement was "far less than the amount plaintiff and his counsel initially contemplated," it was still reasonable in light of legitimate concerns regarding the collectability of a judgment against defendants); *Aragon-Padilla v. Natalex Rest., Inc.*, No. 16-CV-6444 (VSB), ECF No. 34 (S.D.N.Y. May 10, 2017) (finding recovery of only 8.75% to be reasonable in light of the relatively early stage of the litigation and the potential hurdles lying ahead for plaintiff).

### B.   *Overbroad Release*

The settlement agreement contains a sweeping "No Further Actions or Claims" provision, (*see* Doc. 77-1, § 4), as well as overbroad "Mutual Release of Claims by Parties" provisions, (*see id.* at § 6). "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-*

*Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). I have also reached the same conclusion in several FLSA cases.

The provisions in the parties' settlement agreement are too broad to survive judicial scrutiny. Pursuant to these provisions, Plaintiff releases Defendants not only from wage-and-hour claims, but also from "any civil action, charge, or other proceeding . . . based upon or arising out of any claims . . . as of the date of this Agreement." (Doc. 77-1, § 4; *see also id.* § 6(A) (containing a release for claims much broader than employment compensation claims).) These provisions are plainly overbroad as they require Plaintiff to waive virtually any claim, of any type, arising from his relationship with Defendants as long as it had accrued as of the date Plaintiff executed the agreement. Although some courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise. "The fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017). In fact, the parties' joint letter makes no effort to explain how the broad release benefits Plaintiff. Indeed, the joint letter does not reference the relevant release provision in any way. Accordingly, this provision does not meet the standards for approval established by courts in this district.

### III. Conclusion

For the reasons stated above, I find that the overbroad release in the proposed settlement agreement renders the agreement not fair and reasonable. Accordingly, the parties' request that I

5

approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: May 6, 2020
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge